THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIAM R. HALL, Defendant-Appellant.

Fourth District    No. 13643

Opinion filed February 3, 1977.

Ronald L. Carpel, of Decatur, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Robert I. Wrigley, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

After a bench trial upon the stipulated facts in the Circuit Court of Macon County, defendant William R. Hall was convicted of the offenses of unlawful possession of cannabis and unlawful possession of a controlled substance. A sentence of 2 to 10 years imprisonment was imposed on the conviction involving a controlled substance and the conviction for possession of cannabis was vacated. Defendant appeals. We affirm.

On October 27, 1975, John Doe (a fictitious name) appeared before an

associate judge in the Circuit Court of Macon County and signed and swore to a complaint for search warrant. On the basis of that complaint, two search warrants were issued directing police to search two Decatur apartments and seize an unknown quantity of cannabis as evidence of the offense of unlawful possession of cannabis. Pursuant to one of those warrants, Decatur City Police searched defendant's apartment and seized a quantity of marijuana and a plastic bag containing seven red capsules. The capsules were analyzed by the Illinois Bureau of Identification and identified as ethclorvinyl, a controlled substance.

Defendant contends that the trial court erred in denying his motions (1) to suppress all evidence obtained as a result of the search and (2) to disclose the identity of the complainant for the search warrant. The motions were heard at the same time and no evidence was presented upon either motion.

Defendant argues that at the hearing on the motion to suppress the seized evidence, the trial judge ruled that he could not countermand the determination made by the issuing judge that the complaint showed probable cause. The report of proceedings upon that hearing makes clear that such was not the case. The trial judge heard arguments on the question of the sufficiency of the complaint and concluded that probable cause was shown for the issuance of a warrant to search the premises where the contraband was seized.

■■ We agree. The fictitious complainant stated that on two occasions in the past seven days, he had been in the apartment subsequently described in the search warrant and on each occasion observed a substance he believed to be marijuana. Defendant contends that because of the time lag between the complainant's observations and the presenting of the complaint, the complaint did not show probable cause to believe that the contraband was still in the apartment. He asks that we follow the decision in *Ashley v. State* (1968), 251 Ind. 359, 241 N.E.2d 264, where an eight-day delay between a complainant's observance of marijuana in a house and the issuance of a warrant to search the house was held to be too long. That court noted that marijuana was a substance that could easily be concealed or moved and would not be as likely to be kept in one place for as long a time as some other types of contraband. In *People v. Montgomery* (1963), 27 Ill. 2d 404, 189 N.E.2d 327, the supreme court ruled that probable cause was not negated by an eight-day delay between the time a complainant purchased narcotics at an address and the issuance of a warrant to search those premises. The opinion indicated that a much longer delay would not have prevented a finding of probable cause. In the instant case, although no sale took place, the marijuana was seen in the apartment on two occasions thus indicating more likelihood

that the marijuana would continue to remain there for a substantial period. If, as would likely be the case, the complainant viewed the marijuana on separate days, the time lag would be less than seven days.

■■ Defendant asks that we follow the decision in *United States ex rel. Pugh v. Pate* (7th Cir. 1968), 401 F.2d 6, holding a warrant issued upon the basis of a complaint signed with a fictitious name to be invalid. He recognizes, however, that the courts of this State have not followed that ruling. (*People v. Stansberry* (1971), 47 Ill. 2d 541, 268 N.E.2d 431, *cert. denied*, 404 U.S. 873, 30 L. Ed. 2d 116, 92 S. Ct. 121; *People v. Jackson* (1976), 37 Ill. App. 3d 279, 345 N.E.2d 509.) We follow the Illinois precedent.

■■■ Defendant maintains that the seizure of the bag containing the seven red capsules was improper because this item was not described in the warrant as an item to be seized. At the hearing on the motion to suppress, the court had before it the complaint for the search warrant, the warrant and the inventory of things seized. No evidence was offered by either side to supplement these items. Section 114—12(b) of the Code of Criminal Procedure (Ill. Rev. Stat. 1975), ch. 38, par. 114—12(b)) provides that the burden of proof on a motion to suppress evidence improperly seized rests upon the defendant. That provision, however, is interpreted in such a way as to be consistent with the holding in *Vale v. Louisiana* (1970), 399 U.S. 30, 26 L. Ed. 2d 409, 90 S. Ct. 1969. (*People v. Normant* (1975), 25 Ill. App. 3d 536, 323 N.E.2d 553.) In *Vale* an accused upon coming outside of a dwelling house was arrested pursuant to an arrest warrant. A warrantless search of the house was then made by the arresting officers. The opinion emphasized that a warrantless search of a dwelling was permitted only upon exceptional circumstances and then stated that the burden rested upon the State to prove such exceptional circumstances. Here the warrant authorized the search of the entire apartment. Where, under such circumstances officers discover items which appear to be contraband, the items may be seized. (*People v. Philyaw* (1975), 34 Ill. App. 3d 616, 339 N.E.2d 461.) The ruling in *Vale* does not place upon the State the burden of proving the propriety of the instant seizure.

The court properly denied the motion to suppress.

■■■ Defendant's theory that the court's refusal to require disclosure of the name of the complainant was error is based upon an assumption that at the hearing on the motion to suppress, he was entitled to introduce evidence that facts set forth in the complaint were inaccurate. Such is not the rule in this State. The determination as to whether probable cause existed for the issuance of the warrant must be based upon the allegations of the sworn complaint or affidavit incorporated therein. (*People v. Bak* (1970), 45 Ill. 2d 140, 258 N.E.2d 34.) The complainant not having been

shown to be a witness to the crimes charged, defendant was not entitled to disclosure. *Jackson.*

Finding no error to have occurred, we affirm.

Affirmed.

TRAPP, P. J., and REARDON, J., concur.