THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM R. HALL, Defendant-Appellant.

Fourth District   No. 13643

Opinion filed January 4, 1979.

Ronald L. Carpel, of Carpel & Bourey, Ltd., of Decatur, for appellant.

Patrick M. Walsh, State's Attorney, of Decatur (Richard A. Current, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

After a bench trial in the circuit court of Macon County at which he was found guilty of the offenses of unlawful possession of cannabis and a controlled substance, defendant William R. Hall was sentenced to 2 to 10 years' imprisonment for the latter offense. Upon appeal to this court, we affirmed (*People v. Hall* (1977), 45 Ill. App. 3d 469, 359 N.E.2d 1191). Subsequently the United States Supreme Court granted *certiorari* (*Hall v. Illinois* (1978), ___ U.S. ___, 57 L. Ed. 2d 1157, 98 S. Ct. 3138), vacated the judgment of this court and remanded the case to this court for further consideration in light of the decision of that court in *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674. We now proceed to do so.

In *Franks*, the court held that in ruling on a motion to suppress evidence seized pursuant to a search warrant, a trial court is required, under the fourth and fourteenth amendments, to permit the movant to present evidence to challenge the veracity of an affidavit upon which the search warrant was issued if (1) a substantial preliminary showing is made that such affidavit contains a false statement made knowingly and intentionally or with reckless disregard for the truth and (2) the false statement was necessary to support the finding of probable cause made by the issuing judge.

In the case on appeal, two search warrants were issued on October 27, 1975, by an associate judge of the circuit court of Macon County based upon an affidavit signed with the name "John Doe." One warrant authorized the search of an apartment at 731 W. Wood St., Decatur, and the person of Mark Erbes. The other authorized the search of an apartment at 729 W. Wood St., Decatur, and the person of David Weller. Pursuant to the latter warrant, police officers searched the apartment at 729 W. Wood St. and seized a quantity of marijuana and a plastic bag containing seven red capsules. The capsules were analyzed by a State agency and identified as containing ethclorvynol, a controlled substance.

The fruits of the search of the apartment at 729 West Wood St. were the substances which defendant was convicted of possessing. The portion of the "John Doe" affidavit relevant to the issuance of the warrant to search the apartment said:

> "Your complainant, John Doe, states that within the past seven (7) days he has been inside the apartment located at 729 West Wood Street, Decatur, Macon County, Illinois, on two different occassions [*sic*] and on each occassion [*sic*] he did observe a substance in the premises described to him by David Weller, occupant of said premises, as being cannabis, commonly known as

marihauna [*sic*]. This substance also appeared to your complainant as cannabis. Based on the foregoing, your complainant believes the above named substance will be found in the above described premises."

Prior to trial defendant moved for disclosure of the true name of the "John Doe" affiant and to suppress all evidence obtained as a result of the search. Among the grounds cited in support of the motion to suppress as supplemented were contentions that (1) the affidavit failed to show probable cause and (2) the affidavit was based upon false information, *i.e.*, that David Weller "resided" at 729 West Wood St., Decatur, when the "Police" had arrested David Weller on October 20, 1975, and knew that he resided at 47 Oakridge Drive, Decatur, Illinois. The trial judge refused to require disclosure of the true name of the affiant and ruled that he could not properly hear evidence to impeach the affidavit for the warrant.

In affirming on appeal, we ruled that the trial court did not err in refusing to require revelation of the true name of the affiant. We recognized that in *United States ex rel. Pugh v. Pate* (7th Cir. 1968), 401 F.2d 6, *cert. denied* (1969), 394 U.S. 999, 22 L. Ed. 2d 777, 89 S. Ct. 1590, the court had ruled that a warrant issued upon the affidavit signed with a fictitious name was invalid. However, we considered ourselves bound by the subsequent ruling to the contrary by the supreme court of this state in *People v. Stansberry* (1971), 47 Ill. 2d 541, 268 N.E.2d 431, *cert. denied* (1971), 404 U.S. 873, 30 L. Ed. 2d 116, 92 S. Ct. 121. The issue of the failure of the trial court to hear evidence as to the allegations of falsity in the affidavit was not raised on appeal. In *People v. Bak* (1970), 45 Ill. 2d 140, 258 N.E.2d 341, *cert. denied* (1970), 400 U.S. 882, 27 L. Ed. 2d 121, 91 S. Ct. 117, the supreme court had ruled that an accused attacking the issuance of a search warrant may not attack the truth of the matters stated on the face of the verified complaint upon which the warrant was issued.

Defendant's petition to the United States Supreme Court for writ of certiorari stated the questions for review to be whether the issuance of the search warrant violated the fourth and fourteenth amendments and was rendered void because (1) the affidavit was signed by use of a fictitious name and (2) the complaint failed to "establish" probable cause. The *Franks* opinion which we are directed to consider on remand makes no mention of the propriety of "John Doe" complaints for warrants nor is it concerned with requirements for a showing of probable cause on the face of such a complaint. Rather it focuses upon the circumstances under which the trial court should hear evidence as to the veracity of the allegations of the affiant, a point raised here in the trial court but not cited as error on review to us nor directly tested in the questions for review in the petition for writ of certiorari.

Because of this unusual posture, defendant contends that the purpose of the remand must have been for us to consider the continued viability of

the rule of *Stansberry* permitting the use of "John Doe" warrant complaints. He argues that if the affiant is not disclosed the defendant cannot make a sufficient investigation to determine whether the complaint contains perjury subjecting it to attack under the ruling in *Franks*.

However, we do not think that the United States Supreme Court having denied certiorari in both *Stansberry* and *Pugh* intended to overturn the Illinois rule of *Stansberry* in such an indirect manner. Rule 23(1)(c) of that court (U. S. Sup. Ct. Rules, 28 U.S.C. App. R. 23(1)(c) (1976)) states that a petition for certiorari shall contain:

"(c) The questions presented for review, expressed in the terms and circumstances of the case but without unnecessary detail. The statement of a question presented will be deemed to include every subsidiary question fairly comprised therein. Only the questions set forth in the petition or fairly comprised therein will be considered by the court."

The statement of facts in defendant's petition for writ of certiorari set forth that he had sought by motion to attack the complaint for warrant on the basis that it contained false allegations knowingly made. We conclude that the Supreme Court considered that issue to be a "subsidiary question fairly comprised" in defendant's question of whether probable cause was established. We, therefore, consider our mandate to be to consider whether under *Franks* an evidentiary hearing should have been conducted to determine whether knowingly, intentionally or recklessly false statements were made in the complaint on allegations necessary to support the finding of probable cause made by the issuing judge.

The *Franks* opinion stresses that criminal proceedings would be likely to become even more time consuming if the allegations of the affidavit for a search warrant could be easily challenged as to their truthfulness. For that reason, the court set forth strict requirements for such a challenge. One was that the false statement was necessary to support a finding of probable cause. Here, the allegedly false statement was that Weller was an "occupant" of the "apartment." The complaint stated that the affiant had been in the apartment on two occasions in the past 7 days and that the substance described to him by Weller as cannabis appeared to be that substance. In the portion of the complaint relating to the request for a search warrant as to the other apartment and Mark Erbes, the affiant-complainant states that he had previously seen and smoked cannabis. The statement that Weller was an occupant added some weight to the complaint but we cannot see that it was in any way necessary to support the finding of probable cause made when the warrant was issued. The sufficiency of a verified complaint to support the previous issuance of a search warrant is a question of law. We rule that the allegation that Weller was an occupant of the apartment was unnecessary to support a finding of probable cause for the issuance of the warrant.

The amended motion to suppress had other infirmities. *Franks* stated that in order to entitle the defendant to present evidence contradicting the affidavits, the motion to suppress must be supported by sworn or reliable statements of witnesses setting forth the testimony that would support the defendant's allegations. This was not done here. Neither did the motion allege that the affiant was a police officer or that the affiant knew or should have known that Weller was not an occupant of the apartment. As *Franks* had not been decided at the time the motion to suppress was filed, defense counsel's failure to follow the requirements of that opinion can be excused and might be corrected if the case were remanded to the trial court and defendant given an opportunity there to file an amended motion. Likewise, the failure of the motion to tie in the knowledge of the affiant with that of the police department might be excused because of the use of a fictitious name by the affiant.

However, no amendment to the motion could have made Weller's status as an occupant of the apartment a necessary allegation of the warrant complaint. Accordingly, we conclude that no violation of the doctrine of *Franks* occurred here and again affirm the judgments of the trial court.

Affirmed.

REARDON, P. J., and TRAPP, J., concur.