THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PAUL F. BORN III, Defendant-Appellant.

Second District   No. 82—158

Opinion filed March 15, 1983.

450

Williard B. Widerberg, of Elgin, and Robert E. Haeger, of West Dundee, for appellant.

Robert Morrow, State's Attorney, of Geneva (Phyllis J. Perko and Cynthia N. Schneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE LINDBERG delivered the opinion of the court:

After a jury trial in the circuit court of Kane County, defendant Paul F. Born III was convicted of two counts of unlawful use of weapons (Ill. Rev. Stat. 1979, ch. 38, par. 24—1) and one count of unlawful possession with intent to deliver cannabis (Ill. Rev. Stat. 1979, ch. 56½, par. 705(e)). Although sentenced on all three counts, defendant appeals only from the cannabis conviction, for which he was sentenced to four years incarceration and fined $3,000.

Defendant seeks reversal of his conviction for unlawful possession with intent to deliver cannabis and remandment for an evidentiary hearing to determine whether the search warrant, under which the cannabis was found in his residence, was issued pursuant to probable cause. He requests the evidentiary hearing in order to refute the veracity of the John Doe affidavit which served as the basis for the issuance of the search warrant. Defendant contends that the trial court erred in denying his motion for such an evidentiary hearing.

The facts relevant to this appeal are not in dispute. On February 23, 1981, an individual using the alias of John H. Doe went before the circuit court of Kane County and signed an affidavit in support of the State's complaint for a search warrant for the residence of defendant at 916 Douglas Avenue in Elgin. The anonymous affiant alleged that

he had been a friend of defendant for 17 years, and that defendant resided at 916 Douglas Avenue in Elgin for about 15 years. He further alleged that he had visited defendant often at this address, including at about 9:30 a.m. on February 23, 1981, when he personally observed the following items: a number of bottles containing Valium and amphetamines; large amounts of marijuana contained in clear bags; an amount of cocaine in small plastic bags; two machine guns; and four stolen slot machines. The affiant further indicated the basis upon which he believed the items were what he purported them to be.

Based upon the State's complaint, a search warrant was issued for defendant's residence and executed at 5:30 p.m. on February 23, 1981. Among the items seized were several plastic bags containing cannabis. After being indicted with the offenses of which he was later convicted, defendant moved to quash the search warrant and to suppress the evidence seized pursuant to it. In a hearing on this motion, defendant contended that the John Doe affidavit in support of the search warrant lacked veracity. In regard to the seized cannabis, the trial court ruled that the search warrant was valid and that sufficient probable cause was shown to permit its issuance. In making this ruling, the trial court refused to look beyond the four corners of the complaint for the warrant. The court held that the United States Supreme Court case of *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674, which mandates post-search hearings on veracity of search warrant affidavits under certain conditions, was inapplicable where, as here, the challenged affiant is not a governmental official. The court admitted the evidence of the seized cannabis at trial, and it was upon this basis that defendant was found guilty of unlawful possession with intent to deliver cannabis.

Defendant on appeal challenges the issuance of the search warrant under which the cannabis was found in his home. He contends that the trial court erred in denying his request for an evidentiary hearing for determining the veracity of the affidavit of John H. Doe, which provided the major support for the search warrant. It is defendant's position that such a hearing should have been granted under the rule of *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674.

The trial court based its refusal to grant an evidentiary hearing for determining the veracity of the affidavit in support of the search warrant upon its finding that the affiant was a nongovernmental official and its conclusion that *Franks* did not mandate a hearing where the affiant is a nongovernmental official.

■■ It was well established in Illinois before *Franks* that a

defendant may not impeach the veracity of the sworn statement upon which a search warrant was issued (*People v. Bak* (1970), 45 Ill. 2d 140, *cert. denied* (1970), 400 U.S. 882, 27 L. Ed. 2d 121, 91 S. Ct. 117; *People v. Stansberry* (1971), 47 Ill. 2d 541, *cert. denied* (1971), 404 U.S. 873, 30 L. Ed. 2d 116, 92 S. Ct. 121). The United States Supreme Court in *Franks* held that an absolute ban upon post-search impeachment of veracity is not justified and that under certain circumstances such impeachment must be permitted. (*Franks v. Delaware* (1978), 438 U.S. 154, 155-56, 57 L. Ed. 2d 667, 672, 98 S. Ct. 2674, 2676.) The holding in *Franks* represents a limited exception to the general rule of *Bak* and *Stansberry*, a rule which otherwise remains good law. (*People v. Laws* (1981), 84 Ill. 2d 493; *People v. Townsend* (1980), 90 Ill. App. 3d 1089, 414 N.E.2d 483.) Thus, the first question here is whether the *Franks* exception encompasses a challenge to the veracity of a nongovernmental affiant.

The language of the *Franks* opinion itself does not appear to make any distinction between governmental and nongovernmental affiants. The court announced its rule as follows:

"[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Franks v. Delaware* (1978), 438 U.S. 154, 155-56, 57 L. Ed. 2d 667, 672, 98 S. Ct. 2674, 2676.

The court further stated that "[t]he deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant." 438 U.S. 154, 171, 57 L. Ed. 2d 667, 682, 98 S. Ct. 2674, 2684.

The quoted passages refer to "the affiant" without any classification of affiants according to whose sworn statements may or may not be challenged. At no point does the court require a showing that the challenged affiant be a governmental employee. The second quoted sentence denies extension of *Franks* to challenges of statements of *unsworn* nongovernmental informants. As an affiant, the John H. Doe in the present case does not appear to be excluded from the rule of *Franks* whether or not he is nongovernmental.

Since *Franks*, the Supreme Court has not directly addressed the issue of whether that decision was intended to apply where the affiant is not a governmental employee. However, in *Hall v. Illinois* (1978), 438 U.S. 912, 57 L. Ed. 2d 1157, 98 S. Ct. 3138, the court summarily

vacated the judgment of the Illinois Appellate Court in *People v. Hall* (1977), 45 Ill. App. 3d 469, 359 N.E.2d 1191, and remanded for further consideration in light of *Franks*. Unlike *Franks*, where the challenged affiants were police officers, but like the present case, the challenged affiant in *Hall* was an anonymous "John Doe." Although not conclusive, the action of the Supreme Court in vacating and remanding *Hall* indicates its willingness to apply the *Franks* rule to challenges to anonymous affiants.

The Illinois courts also have not directly addressed the issue of whether *Franks* was intended to apply where the affiant is not a governmental employee. However, it should be noted that in at least two cases the Illinois Appellate Court has given consideration to a defendant's request for a *Franks* evidentiary hearing where the challenged affiant was an anonymous informant. (*People v. Anderson* (1979), 74 Ill. App. 3d 363, 392 N.E.2d 938; *People v. Hall* (1979), 66 Ill. App. 3d 891, 384 N.E.2d 578, *cert. denied* (1980), 444 U.S. 1012, 62 L. Ed. 2d 641, 100 S. Ct. 660.) In each of those two cases, the court denied the request for an evidentiary hearing on some basis other than the fact that the affiant was not a governmental employee. *Cf. Mason v. State* (Fla. App. 1979), 375 So. 2d 1125, 1129 (where the court determined that the defendant's motion challenging the veracity of a private citizen affiant fell short of a "substantial preliminary showing" of falsity under *Franks* while assuming without deciding that the *Franks* requirements would apply equally to private citizens as well as governmental officers who execute warrant affidavits).

The State argues that *Franks* should be construed as applicable only to governmental affiants because the exclusionary rule exists primarily to deter misconduct by the State, not misconduct by private parties. (See *Franks v. Delaware* (1978), 438 U.S. 154, 165-66, 57 L. Ed. 2d 667, 678-79, 98 S. Ct. 2674, 2681-82.) It also argues that permitting post-search challenges to private affiants disserves public policy by discouraging the police from placing their private citizen informants on the stand. Although these arguments might be persuasive if this court were initially devising the proper rule for permitting post-search challenges to warrant affidavits, they do not permit us to create an exception to *Franks* applicability which the language of the *Franks* opinion does not appear to permit. (See 2 W. LaFave, Search and Seizure: A Treatise on the Fourth Amendment sec. 4.4, at 64-65 (1978), wherein it is argued that falsity by a private person affiant *should* not be subject to post-warrant challenges while it is conceded that challenges to private person affiants come within the holding of *Franks*.) The court in *Franks* noted that the rule it an-

nounced "has a limited scope" (438 U.S. 154, 167, 57 L. Ed. 2d 667, 679, 98 S. Ct. 2674, 2682), and specified in detail the requirements a defendant must meet to mandate an evidentiary hearing. Under such circumstances, this court will not hold that when the Supreme Court said "affiant" it did not mean every affiant. Rather, we hold that the trial court's conclusion that *Franks* did not encompass challenges to nongovernmental affiants was error.

■■ ■ Defendant would assign error not only in the trial court's conclusion that *Franks* does not apply to nongovernmental affiants, but also in the trial court's finding that John H. Doe in this case was nongovernmental. There is no evidence on record as to John H. Doe's status as a governmental employee. The challenged affidavit is silent on this point. The assistant State's Attorney maintained before the trial court that the affiant was not a governmental official. It has been held that sufficient supporting facts beyond conclusory statements by the State must be presented to establish an informant as a private citizen informant. (*People v. Carton* (1981), 95 Ill. App. 3d 937, 420 N.E.2d 753; *People v. Tatman* (1980), 85 Ill. App. 3d 274, 406 N.E.2d 619.) Although *Carton* and *Tatman* were decided in the context of the distinction between the reliability of *unsworn* private citizen informants and *unsworn* paid police informants, the same principle is applicable here. With no facts whatsoever on record to establish that John H. Doe here was not a governmental official, the trial court's finding that he was not was error.

■■ A ruling by this court that the trial court erred in its holding that *Franks* did not apply because the challenged affiant was not a governmental official does not alone warrant a remand for the requested evidentiary hearing. *Franks* held that an evidentiary hearing is mandated by the fourth amendment only when a defendant had made a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and [that] the allegedly false statement is necessary to the finding of probable cause." (*Franks v. Delaware* (1978), 438 U.S. 154, 155-56, 57 L. Ed. 2d 667, 672, 98 S. Ct. 2674, 2676.) Thus, the second question here is whether defendant has met his burden under *Franks* for qualifying for the requested evidentiary hearing.

■■ In its *Franks* opinion, the Supreme Court elaborated upon the nature of a defendant's burden when challenging the veracity of a warrant affidavit:

> "There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evi-

dentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence of innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing. Whether he will prevail at that hearing is, of course, another issue." 438 U.S. 154, 171-72, 57 L. Ed. 2d 667, 682, 98 S. Ct. 2674, 2684-85.

■ Moreover, mere denials by the defendant of the facts alleged by the affiant cannot meet the defendant's burden. (*People v. Coleman* (1980), 91 Ill. App. 3d 646, 415 N.E.2d 553; *People v. Anderson* (1979), 74 Ill. App. 3d 363, 392 N.E.2d 938.) "To require a full evidentiary hearing in which the supporting affidavit for a warrant would be challenged solely on the basis of an unsupported denial by a defendant of crucial facts in that affidavit would effectively permit a challenge in every case. That was not the intent of *Franks*." *People v. Coleman* (1980), 91 Ill. App. 3d 646, 650-51, 415 N.E.2d 553, 557.

In the affidavit in support of the State's complaint for a search warrant, John H. Doe alleged various facts to the effect that he knew defendant well, had been at defendant's home on the morning of February 23, 1981, and had then observed there items which he knew to be Valium, amphetamines, marijuana, cocaine, two machine guns, and four stolen slot machines. The State's complaint also included an affidavit of an Elgin policeman that he knew that defendant lived at the address John H. Doe alleged the defendant lived. Defendant's "Amended Motion to Quash Warrant, For Evidentiary Hearing on the Issuance of the Search Warrant and to Suppress Evidence Obtained Therefrom" contained various allegations of the defendant and two

affidavits in support of his request for an evidentiary hearing.

The major thrust of defendant's challenge to the veracity of John H. Doe's affidavit is that the affiant was not at defendant's home on the morning of February 23, 1981, as alleged and therefore could not have seen the items and used the drugs he claims to have seen and used at that time and place. Defendant supports his challenge with the affidavit of his minor son, Vincent Born, that alleges that Vincent was awake at defendant's home from about 7 a.m. to about 11 a.m. and that during that time no one other than himself and his parents were present in the home. Defendant also denies in his verified motion the presence and activities of John H. Doe in his home during the day in question.

Defendant disputes Doe's allegation of the presence of cocaine, amphetamines, and Valium by the lack of evidence of these drugs presented at trial and by his denial of the presence of cocaine and amphetamines. Since *Franks* places the burden on defendant to demonstrate the falsity of the affiant's statements, we see no significance in the failure of the State to produce evidence of drugs the possession of which defendant was not charged with at trial.

Defendant also disputes Doe's allegation that the slot machines present in defendant's home were stolen because defendant told affiant they were stolen. The only support defendant provides for this challenge is his denial of the allegation and reference to the parties from whom he asserts he purchased the machines.

Defendant contests Doe's allegation that the affiant had at some time *within the last three months* sold Valium and amphetamines taken from defendant's basement refrigerator solely by denying the presence of cocaine and amphetamines on the searched premises *on February 23, 1981*. Clearly, this denial does not address the particular allegation it is supposed to refute.

Defendant argues that he had contradicted Doe's assertion that defendant had lived at the search residence for about 15 years by means of the presentence report's entry of six years as length of residence and defense counsel's oral denial of 15-year residency by defendant. This argued contradiction must be disregarded because it was not specifically pointed out in defendant's motion and because it is not supported by sworn or otherwise reliable statements, as required by *Franks*.

Finally, defendant relies heavily upon the supposition that a certain named individual is the affiant who used the alias John H. Doe. Defendant attacks the credibility of the affiant based upon this supposition and the credibility of that individual generally by means of the

sworn statements of Vincent Born, Georgia Berro, and defendant himself which refer specifically to the person defendant believes to be the affiant. Since defendant offers no evidence whatsoever that the anonymous affiant is that person, his allegations pertaining to that person are immaterial and are not considered as support for request for an evidentiary hearing under *Franks*.

■■ ■ Disregarding the challenges defendant supports merely by his own denials (see *People v. Coleman* (1980), 91 Ill. App. 3d 646, 415 N.E.2d 553, and *People v. Anderson* (1979), 74 Ill. App. 3d 363, 392 N.E.2d 938), defendant's support for his attack upon the veracity of the John H. Doe affidavit is reduced to the sworn statement of defendant's minor son that no one besides himself and his parents were present in the searched residence at the time Doe asserted he saw the contraband there. Without Doe's statements concerning his presence and observations at defendant's home on February 23, 1981, the remaining content of the State's complaint would fail to establish probable cause for a search. However, we conclude that Vincent Born's affidavit alone does not comprise a "substantial preliminary showing" of falsity by the affiant; nor has defendant overcome the "presumption of validity with respect to the affidavit supporting the search warrant" that *Franks* recognized. We reach this conclusion without reference to the status of the challenged affiant as governmental agent or private citizen. (*Cf. State v. Moves Camp* (S.D. 1979), 286 N.W.2d 333, which suggests that a private citizen affiant's statements be subjected to a less rigorous standard regarding veracity than statements of governmental agents.) In sum, we hold that defendant has not met the burden enunciated by *Franks* as a requisite for the requested evidentiary hearing.

Accordingly, we affirm the judgment and sentence of the circuit court of Kane County.

Affirmed.

SEIDENFELD, P.J., and NASH, J., concur.