THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HENRY KELLY, Defendant-Appellant.

First District (1st Division)   No. 82—2764

Opinion filed October 17, 1983.

Dennis A. Giovannini and Herbert L. Goldberg, both of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Bruce A. Cardello, and Matthew J. Egan, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CAMPBELL delivered the opinion of the court:
Following a jury trial, defendant was convicted of possession of a

controlled substance with intent to deliver and sentenced to five years in the penitentiary. (Ill. Rev. Stat. 1981, ch. 56½, par. 1401(b).) On appeal, defendant contends he was entitled to an evidentiary hearing on his motion to quash a search warrant since his affidavit sufficiently alleged deliberate falsehood in the affidavit for the warrant and because there were uninitialed changes in the affidavit.

The affidavit for the search warrant stated in relevant part:

"I Chicago Police Detective Joseph Blass on 5 July 1981 have been told by a reliable informant, who I have known for over a year and who during this time has twice given me information relative to narcotics which has resulted in the seizure of narcotics and contraband and two arrests and a conviction of a person for narcotics violation, that in the past 9 months the reliable informant has made purchases of heroin from Henry Kelly at the apartment located at 4527 N. Paulina on countless occasions numbering in the hundreds. In all the instances the informant has gone to the apartment she has been able to purchase Heroin and that Henry Kelly keeps a supply on hand. The informant further related that she has been to Henry Kelly's apartment as recent as the 4 July 81 and at that time has purchased and seen Heroin. My reliable informant further related that she has seen other persons purchase and use heroin for the past three years and the high she has achieved from the heroin purchased from Henry Kelly on numerous occasions was similar to the highs achieved from past experience with heroin. On 5 July 81 the informant directed Detective Blass to 4527 N. Paulina and pointed out the 1st Floor North apartment as the apartment where Henry Kelly lives and sells the narcotics from. Detective Blass was then given the unpublished phone number to Henry Kellys' 769-5391. A check with the phone company listed the subscriber as Henry Kelly of 4527 N. Paulina. Detective Blass further obtained the arrest record and photo of one Henry Kelly IR447556. The arrest record lists numerous arrests for narcotics possession and delivery. The reliable informant was shown the photo of Henry Kelly for whom the arrest record was obtained, and she confirmed that this was in fact the same Henry Kelly who has sold her narcotics countless times at the apartment on Paulina. Detective Blass noted that two of these persons who had gone to the apartment in an apparent normal condition left the apartment in a semi-intoxicated or drugged state. The informant went on to say that all the buys from Henry Kelly of heroin that are referred

to took place in apartment 1 north of 4527 N. Paulina."

It was stipulated that the word "twice" was added to the first sentence and that throughout the affidavit the gender of the informant was changed from male to female; these changes were not initialed by the affiant or the magistrate.

Defendant moved to quash the search warrant in part on the following grounds:

"6. That the allegations in said affidavit are false, and are known to be false to the affiant, as is set forth in the affidavit of petitioner attached hereto.

7. That there remains, due to the above-cited defects in said affidavit, a serious doubt whether any such informant actually exists, or whether he/she is a figment of the affiant's imagination.

8. That an order compelling the production of said informant, either in open court or in camera, is necessary to determine whether such informant exists, and whether the information attributed to him/her in said affidavit is true and correct."

Defendant's affidavit states in relevant part:

"1. That he *** resides at 4527 N. Paulina Street, Chicago, Illinois.

2. That on July 4, 1981, affiant did not sell a quantity of heroin to anyone, male or female, at said apartment or at any other location.

3. That on July 5, 1981, no one left petitioner's apartment in a semi-intoxicated or drugged condition.

4. That petitioner has not sold drugs to any person, male or female, hundreds of times over a period of nine months preceding July 5, 1981, at said apartment or any other location."

Defendant relies on cases such as *People v. Garcia* (1982), 109 Ill. App. 3d 142, 440 N.E.2d 269, which have required an evidentiary hearing be held where the defendant's affidavit specifically denied each allegation in the police officer's affidavit. For example, in *People v. Garcia,* defendant stated that at the time his Cadillac was parked in front of his apartment according to the warrant affidavit, he was driving it from Miami to Chicago. The State relies on cases such as *People v. Cruz* (1982), 111 Ill. App. 3d 95, 443 N.E.2d 769, which have found no evidentiary hearing required where the defendant's general and unsupported denial that he sold anyone drugs was held insufficient.

In *Franks v. Delaware* (1978), 438 U.S. 154, 171-72, 57 L. Ed. 2d 667, 682, 98 S. Ct. 2674, 2684-85, the court discussed the type of chal-

lenge to a search warrant affidavit that would mandate an evidentiary hearing.

"[T]he challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing."

The affidavit set forth above is merely a denial by the defendant of the facts set forth in the warrant affidavit. As the court observed in *People v. Coleman* (1980), 91 Ill. App. 3d 646, 650-51, 415 N.E.2d 553, if an unsupported denial by defendant of crucial facts in the warrant affidavit were sufficient to trigger an evidentiary hearing, the practical effect would be to allow a challenge in every case. It is the statement of the affiant only, that is the police officer, which may be challenged. (*People v. Redmond* (1983), 114 Ill. App. 3d 407, 412-13, 449 N.E.2d 533.) The only statement of this sort is the claim that on July 5, 1981, no one left his apartment in a semi-intoxicated or drugged condition. This is merely an unsupported denial of the officer's statement in the affidavit in support of the warrant and is not sufficient. *Cf. People v. Anderson* (1979), 74 Ill. App. 3d 363, 392 N.E.2d 938.

Finally, we agree with the trial court that the uninitialed changes in the warrant affidavit are of no great significance under the circumstances, and probable cause existed whether the informant was male or female and whether the informant previously provided reliable information once or twice. *Cf. People v. Lawrence* (1971), 133 Ill. App. 2d 542, 273 N.E.2d 637.

Pursuant to *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194, we grant the State's request that defendant be assessed $50 in costs for defending this appeal.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McGLOON and GOLDBERG, JJ., concur.