THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
MICHAEL E. GARDNER, Defendant-Appellee.

Second District   No. 83—246

Opinion filed February 1, 1984.

Robert J. Morrow, State's Attorney, of Geneva (Phyllis J. Perko and Cynthia N. Schneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Peter M. Donat, of Donat & Donat, of Batavia, for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

The State appeals (87 Ill. 2d R. 604(a)(1)) from an order of the circuit court of Kane County which granted the pretrial motion of the defendant, Michael Gardner, to quash search warrants and to suppress the evidence which was seized pursuant to the warrants. The State's sole contention on review is that the court below incorrectly granted the motion to quash and suppress, because a police officer who is engaged in a routine, nighttime check of a business establishment and finds an unlocked door may make a warrantless entry of the building without violating the fourth amendment to the United States Constitution (U.S. Const., amend. IV).

In a six-count indictment entered on December 14, 1982, the grand jury charged the defendant with three counts of felony theft (Ill. Rev. Stat. 1981, ch. 38, pars. 16—1(a)(1) and 16—1(d)(1)), two counts of possessing a stolen motor vehicle (Ill. Rev. Stat. 1981, ch. 95½, par. 4—103(a)(1)), and possession of a vehicle component part whose vehicle identification number had been removed (Ill. Rev. Stat. 1981, ch. 95½, par. 4—103(a)(4)).

Shortly after he was arraigned, defendant filed a motion which requested that the trial court quash certain search warrants the police obtained and suppress the evidence law enforcement officers seized that day. Among other things, the motion stated that police officers did not have probable cause to enter the premises in question and that the initial search of the building was unreasonable. The court held a hearing to adjudicate the pretrial motion to quash and suppress. The crucial inquiry which the parties addressed at the suppression hearing was whether the initial entry of the building was constitutionally permissible under the fourth amendment. The court below granted the defendant's motion. In its supplemental order the court determined that the warrantless entry of the building was without probable cause, that no exigent circumstances existed to support the warrantless entry, and, therefore, that the unlawful entry could not justify either the issuance of the search warrants or the admission

into evidence of the items discovered on the premises.

After the court granted the motion to suppress, the State filed the requisite certificate of substantial impairment as well as a timely notice of appeal.

Officer Frederick Behner of the Batavia police department testified that he was the affiant in a November 23, 1982, complaint which sought to obtain a warrant to search the premises of American Automobile Repair, which was located at 590 South River Street in Batavia, Illinois. The officer identified a copy of his affidavit. Defense counsel stated that he would not challenge the truthfulness of the statements in the affidavit; consequently, the court ruled that the affidavit spoke for itself and, thus, that defense counsel could not question Officer Behner regarding the matters contained in the affidavit.

Officer Behner's affidavit stated that on November 23, 1982, he was conducting, as part of his patrol duties, routine checks of businesses in Batavia to determine whether they were secure. During this patrol the officer checked the rear door on the east side of the building housing American Automotive Repair and determined that the door in question was unlocked. The testimony presented at the suppression hearing reflects that at approximately 4 a.m. Officer Behner discovered that the door was closed but unlocked. The affidavit recites further that the officer followed official police department policy and entered the building to determine whether any unauthorized person had entered the premises and to ascertain who the owner of the business was in order to notify the owner that the building was not secure. Upon entering the building, Officer Behner observed a blue AMC Jeep CJ-5 inside the structure and noticed that the vehicle had no Illinois license plates affixed to it but contained an Addison, Illinois, city sticker on the front windshield. Behner also saw on the interior walls of the building pictures of Michael Gardner in the presence of a stock car and numerous trophies.

According to the affidavit, Officer Behner completed the security check of the building and returned to the Batavia police department where he contacted an officer of the Addison police department; the Addison police officer informed Behner that the Addison city sticker in question was assigned to a blue 1974 AMC Jeep CJ-5 which Leslie Kopecky owned and that the jeep had been stolen a day earlier. In addition, the affiant stated that he had personal knowledge that Michael Gardner had been convicted of theft and was known in the community as an automobile thief.

At the suppression hearing, Officer Behner related that he returned to American Automotive Repair with a search warrant seven

hours after he originally noticed that the door was unlocked. His testimony revealed that the items recovered from the premises pursuant to the first search warrant and a later search warrant related to two stolen jeeps, including the one which Mr. Kopecky owned. At the conclusion of the hearing the court granted defendant's motion to suppress on the grounds that the officer's original entry was illegal.

The present case presents a single, narrow legal question: whether a police officer violates the fourth amendment to the United States Constitution (U.S. Const., amend. IV) when, as part of a routine, nighttime security check of commercial establishments, he finds that the door to such a building is unlocked and enters the premises to ensure that criminal conduct has not occurred or is not afoot. Relying on cases from sister jurisdictions (*e.g., State v. Myers* (Alaska 1979), 601 P.2d 239; *People v. Parra* (1973), 30 Cal. App. 3d 729, 106 Cal. Rptr. 531, *cert. denied* (1973), 414 U.S. 1116, 38 L. Ed. 2d 743, 94 S. Ct. 849), the State argues that the entry in the present case was reasonable under the fourth amendment. The defendant, who attempts to distinguish the cases upon which the State relies, concludes that the trial court's order quashing the search warrants and suppressing the evidence was proper, because Officer Behner's warrantless entry did not fall within the ambit of any of the few, well-delineated exceptions to the fourth amendment's warrant requirement.

■ Initially, we note that the parties have not cited any Illinois case which has addressed the present issue, and our independent research has not revealed any. Further, the record discloses that defendant had the opportunity to challenge the truthfulness of the factual statements contained in the affidavit which Officer Behner offered in support of the complaint for a search warrant. (See, *e.g., Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674; *People v. Kelly* (1983), 118 Ill. App. 3d 794, 455 N.E.2d 826; *People v. Redmond* (1983), 114 Ill. App. 3d 407, 449 N.E.2d 533; *People v. Born* (1983), 113 Ill. App. 3d 449, 447 N.E.2d 426.) However, he chose not to do so at the suppression hearing, as is reflected in defense counsel's remark that counsel was not alleging that the affiant deliberately lied. Thus, because an affidavit in support of a search warrant is presumed valid (*People v. Born* (1983), 113 Ill. App. 3d 449, 455, 447 N.E.2d 426, 430, citing *Franks v. Delaware* (1978), 438 U.S. 154, 171, 57 L. Ed. 2d 667, 682, 98 S. Ct. 2674, 2684), and since the defendant has not challenged the veracity of the statements in the affidavit, those statements are viewed as true for purposes of this appeal.

The defendant correctly observes that warrantless searches and seizures are *per se* unreasonable under the fourth amendment unless

they fall within a few specifically established and well-delineated exceptions. (*Katz v. United States* (1967), 389 U.S. 347, 357, 19 L. Ed. 2d 576, 585, 88 S. Ct. 507, 514; *People v. Pakula* (1980), 89 Ill. App. 3d 789, 793, 411 N.E.2d 1385; *People v. Sanders* (1976), 44 Ill. App. 3d 510, 514, 358 N.E.2d 375, 378; *People v. Creed* (1975), 34 Ill. App. 3d 282, 284, 339 N.E.2d 305, 307-08.) In this State those few exceptions are search by consent, search incident to arrest, and search predicated upon probable cause where there are exigent circumstances which make it impractical to obtain a warrant. (*People v. Pakula* (1980), 89 Ill. App. 3d 789, 793, 411 N.E.2d 1385, 1389; *People v. Creed* (1975), 34 Ill. App. 3d 282, 284, 339 N.E.2d 305, 308.) It is also well settled in Illinois that the protection of the fourth amendment extends to commercial premises in which there is a reasonable expectation of privacy against governmental intrusion. *People v. Stamps* (1982), 108 Ill. App. 3d 280, 285, 438 N.E.2d 1282, 1289; *People v. Davis* (1980), 86 Ill. App. 3d 557, 559-60, 407 N.E.2d 1109, 1112; accord, *State v. Myers* (Alaska 1979), 601 P.2d 239, 242; *People v. Parra* (1973), 30 Cal. App. 3d 729, 735, 106 Cal. Rptr. 531, 535, *cert. denied* (1973), 414 U.S. 1116, 38 L. Ed. 2d 743, 94 S. Ct. 849.

In his highly respected treatise dealing with the fourth amendment, Professor LaFave recognizes that a warrantless entry of a commercial establishment is permissible under the fourth amendment when a law enforcement officer discovers that commercial premises are unlocked and unattended in the evening hours. (2 W. LaFave, Search & Seizure sec. 6.6(b), at 474 (1978).) This statement of the law is predicated upon and finds support in the two cases upon which the State places primary emphasis in this appeal (*State v. Myers* (Alaska 1979), 601 P.2d 239; *People v. Parra* (1973), 30 Cal. App. 3d 729, 106 Cal. Rptr. 531, *cert. denied* (1973), 414 U.S. 1116, 38 L. Ed. 2d 743, 94 S. Ct. 849).

In *State v. Myers* (Alaska 1979), 601 P.2d 239, police officers who were conducting a routine, nighttime security check of commercial premises discovered a light emanating from an open door of a theater. They entered the building, walked a few steps down a hallway to a door leading to the backstage area, heard voices coming from that area, and then looked in. They observed the defendants, one of whom was the manager of the theater, sitting on the floor with cocaine paraphernalia nearby. In upholding the subsequent arrest and seizure of the contraband, the Alaska Supreme Court concluded that the entry and subsequent limited search were police actions that did not require a warrant and found them reasonable within the meaning of the fourth amendment. In recognizing the propriety of a narrowly drawn

exception to the warrant requirement in those circumstances, the court stated its holding in the following words:

> "[W]e hold that law enforcement personnel may enter commercial premises without a warrant only when, pursuant to a routine after-hours security check undertaken to protect the interests of the property owner, it is discovered that the security of the premises is in jeopardy, and only when there is no reason to believe that the owner would not consent to such an entry. In the context with which we are immediately concerned, locked premises must be taken as indicating that no warrantless entry is authorized. Any search conducted incident to a legitimate entry must be brief and must be limited and necessary to the purpose of ensuring that no intruders are present on the premises. In addition, someone responsible for the premises must be informed, as soon as is practicable, of the protective measures taken." 601 P.2d 239, 244.

While the majority in *State v. Myers* refused to apply the "emergency aid" exception to the fourth amendment to uphold the warrantless entry in that case (601 P.2d 239, 241), the court apparently carved out a new, narrowly defined exception to the warrant requirement of the fourth amendment for nighttime security checks of commercial premises. We note that there was a forceful dissent in *State v. Myers* (Alaska 1979), 601 P.2d 239, 245-52 (Boochever, C.J., dissenting).

The second case which is instructive in the present context is *People v. Parra* (1973), 30 Cal. App. 3d 729, 106 Cal. Rptr. 531, *cert. denied* (1973), 414 U.S. 1116, 38 L. Ed. 2d 743, 94 S. Ct. 849. In *Parra*, a police officer responded to a citizen's call that a door of a florist shop was ajar. Upon arriving at the shop at nightfall, the officer observed that the door was slightly open. After searching the door and front window of the establishment for the name of the proprietor without success, the officer stepped inside and with the aid of a flashlight tried to find the same information, again unsuccessfully. A radio check with the police dispatcher failed to uncover the owner's name. After a second officer arrived at the scene, both men entered the shop to secure it for the owner and to contact him to find out whether anything had been taken. In attempting to ascertain the owner's identity, the officers discovered heroin in a desk drawer.

In sustaining the trial court's denial of the defendant's motion to suppress, the *Parra* court stressed that the case involved an emergency presented by the discovery of an unlocked business establishment, a situation which constituted an invitation to criminality. (30

Cal. App. 3d 729, 735, 106 Cal. Rptr. 531, 535.) The court stated further that there was nothing in the record to suggest that the officers entered the retail business establishment for any purpose other than to protect the shop and its contents. In short, the officers were not tracking down criminals or ferretting out crime. In addition, the officers' decision to enter the shop was not predicated upon abstractions or speculation but was prompted by the observed fact of an unlocked door of a retail establishment after business hours. Thus, the entry of and presence on the premises without a search warrant was privileged and did not offend the fourth amendment. (30 Cal. App. 3d 729, 733, 106 Cal. Rptr. 531, 533-34.) As in *Myers* there was a strong dissent in *People v. Parra* (1973), 30 Cal. App. 3d 729, 736, 106 Cal. Rptr. 531, 536 (Tamura, P.J., dissenting), *cert. denied* (1973), 414 U.S. 1116, 38 L. Ed. 2d 743, 94 S. Ct. 849.

A distillation of the above cases reflects that in certain limited circumstances law enforcement officials may enter an unsecured or unlocked commercial establishment during a nighttime security check to secure the premises and may take necessary measures to ascertain the identity of the proprietor. However, the courts will be vigilant to ensure that the rationale of protecting private property is not employed as a subterfuge to seek out evidence of criminal conduct. See 2 W. LaFave, Search & Seizure sec. 6.6(b), at 474-75 (1978).

Defendant relies heavily on this court's decision in *People v. Davis* (1980), 86 Ill. App. 3d 557, 407 N.E.2d 1109. However, we find that case distinguishable on the basis that the officers were not legally on the premises of the commercial establishment in *Davis*. There the police had received a second anonymous tip that Davis, who was employed part-time at the company which was in the metal grinding business, was in the facility making gun silencers. The police entry, as in the case at bar, was through a closed but unlocked door. We applied the *Aguilar-Spinelli* tests (*Aguilar v. Texas* (1964), 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509; *Spinelli v. United States* (1969), 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584) to the information supplied the police by the anonymous telephone informant and found that the police lacked probable cause and exigent circumstances for the entry. We affirmed the suppression of the evidence. *People v. Davis* (1980), 86 Ill. App. 3d 557, 561-62, 407 N.E.2d 1109, 1113-14.

In many respects, the case at bar bears marked resemblance to *Myers* and *Parra*. Here, the unchallenged and uncontroverted statements in Officer Behner's affidavit reflect that he was following official departmental policy when, upon discovering the unlocked door at American Automotive Repair, he entered the building to ascertain

whether any unauthorized person had gained entry and to determine who the owner of the premises was in order to notify that person that the building was not secure. Of particular significance is the lack of any evidence or suggestion in this case that the officer entered the building as part of a preconceived plan to search for criminal activity or the proceeds of a crime. As was the situation in both *Parra* and *Myers*, the police officer was reacting solely to the established fact of an unlocked door at a commercial establishment during the night. In addition, similar to what occurred in *Myers*, here there is no evidence in the record that the police officer had any reason to believe that the owner of the premises would not consent to an entry designed to secure the building.

The fact that the door in the present case was closed (but unlocked), whereas the doors in *Parra* and *Myers* were ajar, is a difference without significance for purposes of fourth amendment analysis. Also, we are not persuaded that the warrantless entry was improper under *Myers* merely because there is no evidence in the current record that the police contacted the owner of American Automotive Repair after discovering the unlocked door. In this regard, once the Addison police informed Officer Behner that the blue jeep in question was a stolen vehicle, the urgency of contacting the owner of the building understandably may have taken second place to or been eclipsed by the subsequent attempt to secure a search warrant for the premises. It may well be that after entering and observing the vehicle without a licence plate and the photographic evidence that the business may be operated by a known car thief, the officer chose not to contact the individual. Upon learning shortly after returning to the police station that the vehicle had been stolen, the police officer had probable cause to believe the operator of the business had committed a crime. These circumstances obviated the need to contact the owner as soon as practicable. See 2 W. LaFave, Search & Seizure sec. 6.6(b), at 474 (1978).

■ Based on the result reached in both *Myers* and *Parra*, we conclude that the warrantless entry of the police officer in this case did not run afoul of the fourth amendment. Given the very limited nature of the warrantless intrusion in the present case, the officer's actions were reasonable under the fourth amendment. Further we conclude that since the officer was properly on the premises, Behner's observation of the blue AMC jeep, which was in plain view, was also proper. (See *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022.) In addition, as the trial court recognized at the conclusion of the suppression hearing, if the initial entry was

proper, then probable cause existed for the issuance of the search warrants once Officer Behner learned from the Addison police department that the blue jeep was a stolen vehicle.

With respect to a motion to suppress evidence which the accused alleged was unlawfully seized, the defendant shoulders the burden of establishing that the search and seizure were unlawful. (*People v. McNair* (1983), 113 Ill. App. 3d 8, 16, 446 N.E.2d 577, 582; *People v. Grice* (1980), 87 Ill. App. 3d 718, 722, 410 N.E.2d 209, 213, *cert. denied* (1981), 450 U.S. 1003, 68 L. Ed. 2d 207, 101 S. Ct. 1714.) It is equally well settled that the trial court's finding relative to a motion to suppress will not be disturbed unless it is manifestly erroneous. (*People v. Reynolds* (1983), 94 Ill. 2d 160, 165; *People v. Steckhan* (1983), 116 Ill. App. 3d 173, 175, 452 N.E.2d 122, 124; *People v. Stamps* (1982), 108 Ill. App. 3d 280, 291, 438 N.E.2d 1282, 1292; *People v. Grice* (1980), 87 Ill. App. 3d 718, 722, 410 N.E.2d 209, 214.) In light of the jurisprudence emanating from *State v. Myers* (Alaska 1979), 601 P.2d 239, and *People v. Parra* (1973), 30 Cal. App. 3d 729, 106 Cal. Rptr. 531, *cert. denied* (1973), 414 U.S. 1116, 38 L. Ed. 2d 743, 94 S. Ct. 849, we conclude that the defendant did not meet his burden and that the trial court's order granting the motion to quash and suppress was manifestly erroneous.

The judgment of the circuit court of Kane County is reversed and the cause remanded for further proceedings.

Reversed and remanded.

SEIDENFELD, P.J., and VAN DEUSEN, J., concur.