THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ROBERT HOTHERSALL, Defendant-Appellee.

Second District    No. 81-148

Opinion filed December 31, 1981.

184

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and Phyllis J. Perko and Cynthia N. Schneider, both of State's Attorneys Appellate.Service Commission, of counsel), for the People.

Raymond R. Massucci, of Massucci, Blomquist and Brown, and John D. Tourtelot, both of Arlington Heights, for appellee.

JUSTICE VAN DEUSEN delivered the opinion of the court:
The defendant, Robert Hothersall, was charged by information with two counts of obstructing justice (Ill. Rev. Stat. 1979, ch. 38, par. 31—4(a)) and one count of unlawful possession of a controlled substance (Ill. Rev.

Stat. 1979, ch. 56½, par. 1402(b)); all offenses were alleged to have occurred on March 14, 1980, in Du Page County, Illinois.

Apparently, these charges were based on events that occurred shortly after the defendant was arrested on an outstanding warrant. This warrant charged the defendant with the February 3, 1980, offense of unlawful possession of hypodermic syringes or needles. Ill. Rev. Stat. 1979, ch. 38, par. 22—50.

Defendant moved to quash the arrest on the grounds that the arrest was made without the authority of a valid warrant, and to suppress all evidence secured directly or indirectly as a result of the arrest. The trial court granted the motion. The State brings this appeal.

The following evidence was adduced at the hearing on the motion. On February 3, 1980, Sergeant Edward S. Musial of the city of Darien police department stopped a van driven by the defendant Robert Hothersall. The van, which belonged to the defendant, was stopped for displaying expired license plates. While the vehicle was stopped, the officer smelled marijuana smoke. Looking inside the vehicle, the officer found a recently extinguished cigarette which resembled a marijuana cigarette. In an opening in the dashboard, he observed a box which contained two unused, disposable, hypodermic syringes. The officer requested an explanation. The defendant stated that his brother was diabetic and the syringes belonged to his brother.

On February 19, 1980, Sergeant Musial swore out a complaint against the defendant. In the sworn complaint, the sergeant charged that at or about 8:40 p.m. on the 3d day of February, 1980, the defendant committed the offense of unlawful possession of a hypodermic syringe or needle. (Ill. Rev. Stat. 1979, ch. 38, par. 22—50.) At the hearing, Officer Musial was asked to relate what information he had given to the judge when seeking the warrant. Officer Musial responded as follows:

> "I explained my initial stop of the van, of the expired registration, that I smelled the odor of marijuana, observed the marijuana cigarette, entered the van and observed the syringe box and needles inside; had a conversation with Mr. Hothersall.
>
> And the syringes and needles, I told him that I offered him two-days' time—
>
> He told me they belonged to his brother, who is a diabetic.
>
> I offered him two-days' time to come into our station and offer proof that they actually did belong to his brother and they would be returned to his brother.
>
> And I told him after two days, at a later date, I would obtain a warrant for his arrest if he didn't come in."

A warrant for defendant's arrest issued.

Officer Musial further testified that between the initial stop and the

obtaining of the warrant, he had a conversation with an investigator named Abma. During this conversation, Musial learned that earlier Abma had talked to the defendant's mother. She had told Abma that the defendant's brother, John, is a diabetic and defendant's brother, Barry, is an epileptic, and that both Barry and John carry syringes and they also have a letter from their doctor. This information was entered by Abma on the police record. When seeking the warrant, however, Musial did not relate to the issuing judge this statement made by the defendant's mother.

In his motion to suppress and at the hearing on the motion, the defendant contended that Officer Musial's failure to relate the statement of defendant's mother to the issuing judge was a deliberate misrepresentation, and that had this statement been made known to the judge, the warrant would not have issued.

After the hearing, the trial court found that in obtaining the arrest warrant the officer deliberately deceived the issuing judge by not informing the judge of those facts which created doubt as to probable cause. The trial judge stated that this deliberate deception was not to be condoned, and the defendant's motion to suppress was granted.

■■ The State contends that the trial court erred in quashing the warrant. The State asserts that the sufficiency of a warrant may be tested only by the evidence originally presented to the judicial officer at the time the warrant was obtained, and that the defendant may not challenge the matters upon which probable cause was found. (*People v. Bak* (1970), 45 Ill. 2d 140, 144.) The State concludes that because Officer Musial supplied the issuing judge with sufficient information to support an independent finding that probable cause existed, the warrant is valid and should not have been quashed. (*Whiteley v. Warden* (1971), 401 U.S. 560, 564, 28 L. Ed. 2d 306, 311, 91 S. Ct. 1031, 1035.) However, in a more recent case, *Franks v. Delaware* (1978), 438 U.S. 154, 155, 57 L. Ed. 2d 667, 672, 98 S. Ct. 2674, 2676, the United States Supreme Court held that the constitution forbids an absolute ban on hearings to challenge the veracity of a sworn statement used by police to procure a search warrant. The scope of *Franks*, however, is narrowly limited, both as to when a hearing upon the defendant's allegations must be accorded, and when the exclusion of the seized evidence is mandated. (*People v. Anderson* (1979), 74 Ill. App. 3d 363, 369.) Under *Franks*, a defendant may have a hearing to challenge the validity of a warrant only if certain requirements are met:

> "To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit

that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." (*Franks v. Delaware* (1978), 438 U.S. 154, 171-72, 57 L. Ed. 2d 667, 682, 98 S. Ct. 2674, 2684.)

Thus, *Franks* establishes a two-part test that must be met before the defendant is entitled to attack the veracity of the affiant's statement: (1) there must be a knowing and intentional or reckless disregard for the truth, and (2) the alleged falsehood must be necessary for a finding of probable cause. See *People v. O'Dell* (1980), 84 Ill. App. 3d 359, 365.

Here, the trial court found that Officer Musial's failure to relate the statement of the defendant's mother to the issuing judge was a reckless disregard for the truth. A deliberate omission of material fact can be a reckless disregard for the truth as envisioned by *Franks v. Delaware*. *People v. Reynolds* (1981), 96 Ill. App. 3d 79, 82; see also *People v. Townsend* (1980), 90 Ill. App. 3d 1089, 1096.

In *Reynolds*, the State obtained a warrant to search the defendant's Peoria apartment for proceeds of a robbery which had occurred in Pekin, Illinois. The officer executing the search warrant was aware of facts which would have established that there was insufficient time between the Pekin robbery and the defendant's arrest, which also occurred in Pekin, for the defendant to have deposited the proceeds in his Peoria apartment. The appellate court held that the affidavit in support of the warrant was insufficient in that it lacked a recitation of facts which would indicate that Reynolds had an opportunity to deposit the evidence in his Peoria apartment. The officer failed to allege facts indicating that Reynolds had an opportunity to deposit the evidence because he knew that Reynolds had no such opportunity. The officer's failure to relate such facts to the issuing judge was, therefore, determined to be a deliberate omission calculated to mislead the issuing judge. The appellate court in *Reynolds* determined that this deliberate omission of a material fact was a reckless disregard for the truth as envisioned by *Franks v. Delaware*.

Here, unlike *Reynolds*, there was no omission of a material fact. The officer seeking the arrest warrant merely failed to relate to the issuing judge a hearsay statement which was, more or less, in the form of a

defense. Unlike the officer in *Reynolds*, Officer Musial did not know for a fact that defendant's brothers were authorized to possess hypodermic syringes. He knew only that a woman purporting to be the defendant's mother had called Investigator Abma and reported that defendant's brothers were so authorized. While his failure to relate the statement may be characterized as a disregard for a hearsay statement, it cannot be characterized as a reckless disregard for the truth. Thus, the defendant has failed to meet the first requirement which would enable him to attack a warrant under *Franks v. Delaware*.

*Franks v. Delaware* also requires that the officer's falsehood be necessary for a finding of probable cause. (438 U.S. 154, 172, 57 L. Ed. 2d 667, 682, 98 S. Ct. 2674, 2684.) This requirement was met in *Reynolds*. In *Reynolds*, if the omitted facts had been related to the issuing judge they would have precluded a finding of probable cause to search the Peoria apartment.

In the present case, even if Officer Musial had known for a fact that the defendant's brothers were authorized to carry hypodermic syringes, relating this information to the issuing judge would not have precluded the judge from finding that probable cause existed for the issuance of a warrant against the defendant. While sections 1 through 5 of "An Act to regulate the possession, delivery, sale or exchange of hypodermic syringes, hypodermic needles, and similar instruments" (Ill. Rev. Stat. 1979, ch. 38, pars. 22—50 through 22—54) exempt from prosecution certain persons who are under a doctor's care, there is no exemption for brothers of those patients. We note that the defendant has never asserted that he was authorized to possess hypodermic syringes, and it is undisputed that two hypodermic syringes were found in the van which he owned and which he was driving. Even if the officer had disclosed the statements made by defendant's mother, this information would not have precluded a finding of probable cause. Thus, the defendant has also failed to meet the second requirement of *Franks v. Delaware*.

■■ The defendant, nonetheless, claims that the trial court correctly granted the motion to quash in that if the issuing judge had had any opportunity to consider the omitted statement of defendant's mother, he might not have found that probable cause existed. A police officer seeking an arrest warrant is not required to present to an issuing judge any and all circumstances which may affect a finding of probable cause. Such a requirement is impractical and would expand the scope of *Franks v. Delaware* to such a degree that virtually every warrant would be subject to a similar attack. The requirement is only that the officer present sufficient evidence so that the issuing judge may make a finding of probable cause.

■■ Finally, the defendant's contention that the failure to relate the

hearsay statement of defendant's mother affected the issuing judge's status as "a neutral and detached magistrate" is totally without merit. See *Shadwick v. City of Tampa* (1972), 407 U.S. 345, 32 L. Ed. 2d 783, 92 S. Ct. 2119.

The order of the trial court granting defendant's motion to quash the arrest and suppress all evidence secured directly or indirectly as a result of said arrest is vacated and the cause is remanded for further proceedings consistent with this opinion.

Vacated and remanded.

SEIDENFELD, P. J., and REINHARD, J., concur.