THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* PAUL REDMOND, Defendant-Appellee.

Second District   No. 81—964

Opinion filed May 6, 1983.

Fred L. Foreman, State's Attorney, of Waukegan (Phyllis J. Perko and Marshall Stevens, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert J. Hauser, of Sullivan, Smith, Hauser & Noonan, Ltd., of Waukegan, for appellee.

JUSTICE HOPF delivered the opinion of the court:

Defendant, Paul Redmond, was charged by information with unlawful possession of a controlled substance with intent to deliver (Ill. Rev. Stat. 1979, ch. 56½, par. 705(e)). Pursuant to a search warrant, law enforcement officials searched defendant's residence and found marijuana on the premises. Defendant subsequently filed a motion to suppress, which attacked the validity of the search warrant under the principles of *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674. After an evidentiary hearing the circuit court of Lake County granted defendant's motion to suppress. The State's motion to reconsider was denied. In this interlocutory appeal, the State appeals from the trial court's order granting defendant's motion to suppress.

The search warrant in the present case was issued on November 20, 1980, pursuant to the sworn complaint of Marcea Ross, a police officer for the Northshore Metropolitan Enforcement Group. The complaint for search warrant stated that within the past 48 hours the affiant had had a conversation with a reliable informant who had told her that he had been inside the residence located at 201 Washington Road in Lake Forest and had observed on the kitchen table a black plastic film cannister which contained a quantity of LSD in the form of purple microdots; he had also observed a quantity of LSD in the nature of purple microdots on the living room coffee table. According to the affiant-officer, the informant had provided information on three occa-

sions within the past year regarding the existence of cocaine and quaaludes. Arrests occurred on those occasions as a result of the information which the informant had supplied. The affiant's complaint also recited that the informant had told her that he had seen and used LSD on numerous occasions and was familiar with its appearance and form.

At the hearing held on the motion to suppress the defense presented the testimony of six witnesses. The defendant and two individuals with whom he shared the residence, Charles Smith and Eleanor Hodgkins, testified. Additionally, three other individuals, Mike Hennel, Scott Thompson, and Joseph O'Loughlin, who visited the residence during the period of November 18 to 20, 1980, gave testimony on behalf of defendant. By contrast, the State did not present any witnesses.

All six defense witnesses testified to substantially the same events. They related that they were the only persons who were in the house in question during the time period of November 18 to 20, 1980, except for the additional presence of a Cecily Brainard, who was unavailable to testify. Their testimony revealed that at no time when they were in the house during that time did they see any small purple objects such as microdots of LSD on either the kitchen table or the living room table. Furthermore they did not speak about or have any LSD during the period in question. Charles Smith, who lived at the house that was searched, admitted that a few empty film cannisters were in the living room, but he did not notice any film cannisters on the kitchen table. Other witnesses testified that there were no film cannisters on the kitchen and living room tables although one witness stated that he had observed an empty film cannister on the windowsill of the kitchen. The three occupants of the house further related that they always locked the doors upon leaving the residence and followed that practice during the period in issue. Furthermore they did not lend their keys to the house to friends or anyone else.

The evidence adduced at the hearing revealed that at approximately 7 o'clock on November 20, 1980, Marcea Ross, the affiant, and Larry Mulchrone, of the Northshore Metropolitan Enforcement Group, as well as two Lake Forest policemen, executed the search warrant and searched the house at 201 Washington Road in Lake Forest. The officers found a quantity of marijuana in the house. Upon entering the home, Officer Mulchrone gave the defendant the search warrant. After reading the warrant the defendant asked Mulchrone if he expected to find purple microdots of LSD in the house. Although the officer did not respond verbally to the defendant's inquiry both

the defendant and Eleanor Hodgkins stated that Mulchrone smirked and shook his head indicating no.

The defendant also testified that he had seen Marcea Ross on two occasions during the summer of 1980. In August she came to the house in question and asked whether a person named Mark lived there. She then inquired whether the defendant knew where she could get some "stuff." The defendant responded in the negative and asked her to depart. Approximately two weeks later the defendant saw Ross again when she came to his residence and informed him she had to get some "stuff." Defendant again told her to leave after responding that he did not know what she was talking about. Ross replied that a person named Larry King had sent her and then broke down in tears. According to the defendant he went to get a pad of paper to write down the license number of Ross' car in order to call the police. When he did this Ross bolted for the car and sped away. The defendant testified on cross-examination that Larry Mulchrone was the driver of the vehicle. He also related that he did not know a person named Larry King.

After hearing the testimony presented at the evidentiary hearing the trial court granted the motion to suppress. In reaching its decision, the court expressly found that credible evidence had established that all the occupants of the premises in question who testified had a believable explanation for the situation which existed in the residence during the period in issue. The trial court stated in effect that it did not believe that any of the witnesses who testified on behalf of defendant was the informant. It also found that a sufficient factual basis had been presented for questioning the integrity of the warrant and the existence of the informant. It emphasized the fact that the affiant officer did not testify at the hearing. The court found that in light of the evidence which the defendant had presented to challenge the sufficiency of the complaint for search warrant, the affiant officer should have testified under oath that she did converse with the informant, if such were the case, and should have offered some explanation regarding the evidence which defendant had adduced at the hearing. Furthermore it referred to the fact that the affiant had attempted to gain admission to the defendant's residence on two prior occasions but was unsuccessful. The court noted that it felt that she was frustrated in her purpose.

At a subsequent hearing on the State's motion for reconsideration the court stated that after considering all of the evidence it was of the opinion that the preponderance of the evidence established that the affiant either lied or had exhibited a reckless disregard of the

truth when she stated that she had had the conversation with a reliable informant. Therefore, it was held, probable cause did not exist for the issuance of the warrant. The State's motion for reconsideration was denied. After filing the requisite certificate of substantial impairment, the State appealed.

■ The State contends on appeal that the trial court erroneously allowed the suppression of the evidence in this cause and misapplied the holding of *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674. It contends that none of the evidence adduced at the evidentiary hearing established the requisite showing that "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." (*Franks v. Delaware* (1978), 438 U.S. 154, 155-56, 57 L. Ed. 2d 667, 672, 98 S. Ct. 2674, 2676.) At best, the State argues, the evidence adduced at the hearing showed that the informer who spoke to Officer Ross was either mistaken or lying. It contends this is insufficient to overturn a warrant under *Franks*. It urges that the falsehood must emanate from the affiant, *i.e.*, Officer Ross, and that there was no testimony which established that Officer Ross had intentionally lied or recklessly disregarded the truth. Our analysis of this case and the case law in this area leads us to conclude that the trial court's findings were within the manifest weight of the evidence for the following reasons.

■ In the *Franks* opinion the United States Supreme Court held that under certain circumstances a defendant must be afforded an evidentiary hearing at which he could attempt to challenge the truthfulness of the factual statements contained in an affidavit supporting a search warrant. The court's landmark decision set forth the following governing standards:

> "There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reck-

less disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing." (438 U.S. 154, 171-72, 57 L. Ed. 2d 667, 682, 98 S. Ct. 2674, 2684-85.)

The Supreme Court also articulated the additional guidelines which apply when the trial court determines that an evidentiary hearing is required:

"In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." (438 U.S. 154, 156, 57 L. Ed. 2d 667, 672, 98 S. Ct. 2674, 2676.)

Thus, the two-part test of *Franks* requires that an evidentiary hearing must be held when a defendant attacks the veracity of an affiant's affidavit supporting a search warrant if (1) the statement at issue was necessary to a finding of probable cause and (2) there are specific allegations showing deliberate falsehood or reckless disregard of the truth. *People v. Hothersall* (1981), 103 Ill. App. 3d 183, 187, 430 N.E.2d 1142; *People v. Crowder* (1981), 99 Ill. App. 3d 500, 507, 425 N.E.2d 994.

The scope of the *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674, decision, however, is narrowly limited, concerning both the circumstances under which the defendant must be accorded a hearing on his allegations and when the exclusion of the seized evidence is mandated. (*People v. Hothersall* (1981), 103 Ill. App. 3d 183, 186, 430 N.E.2d 1142; *People v. Anderson* (1979), 74 Ill. App. 3d 363, 369, 392 N.E.2d 938.) The Supreme Court in *Franks* clearly circumscribed its ruling to apply only to the impeachment of the statements of the affiant, not to the statements of any nongovernmental informant. (438 U.S. 154, 171-72, 57 L. Ed. 2d 667, 682, 98 S. Ct. 2674, 2684-85; *People v. Ortiz* (1980), 91 Ill. App. 3d 466, 475, 414 N.E.2d 1072; *cf. People v. Born* (1983), 113 Ill. App. 3d 449, where the trial court's conclusion that *Franks* did not encompass challenges

to nongovernmental affiants was error.) Cases from other jurisdictions also discuss this distinction. *E.g., United States v. Luschen* (8th Cir. 1980), 614 F.2d 1164, 1172, *cert. denied* (1980), 446 U.S. 939, 64 L. Ed. 2d 793, 100 S. Ct. 2161; *State v. Babbitt* (La. 1978), 363 So. 2d 690, 693-94; *State v. White* (Me. 1978), 391 A.2d 291, 293-94; *State v. Baca* (1973), 84 N.M. 513, 515, 505 P.2d 856, 858; *Taylor v. State* (Tex. Crim. 1980), 604 S.W.2d 175, 178 n.1; *State v. Larson* (1980), 26 Wash. App. 564, 569, 613 P.2d 542, 546.

We turn next to some cases which are analogous to the issue raised in this appeal. In *People v. Farnsworth* (1981), 95 Ill. App. 3d 105, 419 N.E.2d 693, the appellate court affirmed the trial court's order which quashed the search warrant and suppressed the evidence seized pursuant to its execution. In that case affirmative evidence was adduced at the hearing to establish that the affiant had deliberately sworn falsely in the affidavit by using a false name to identify the informant. By comparison, in the case at bar the trial court concluded, by inference or implication from the testimony of record, that the affiant's statements and the complaint for search warrant were either fabricated or made with reckless disregard of the truth in light of the court's finding that the informant did not exist. *People v. Coleman* (1980), 91 Ill. App. 3d 646, 415 N.E.2d 553, is similar to the case at bar in that the defendant in *Coleman* made the assertion that the informant did not exist. The court in *Coleman* emphasized that the defendant supported that contention with only the bare assertion that he never sold drugs, and the court ruled that the accused had not made the substantial preliminary showing of falsity or reckless disregard of the truth which *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674, required. Another insufficient showing to attack the veracity of a warrant was found by the court in *People v. Anderson* (1979), 74 Ill. App. 3d 363, 392 N.E.2d 938. Defendant in *Anderson* alleged merely that he did not sell cocaine to the informant during the date stated in the affidavit. By contrast, in the case at bar, the defendant adduced evidence at the hearing which the trial court found established by a preponderance of the evidence that the affiant had intentionally falsified information contained in the affidavit or had made the statements with reckless disregard of the truth. We believe that the evidence adduced by defendant in the case at bar was far more convincing than that in either *People v. Coleman* or *People v. Anderson*.

In the recent case of *People v. Garcia* (1982), 109 Ill. App. 3d 142, 440 N.E.2d 269, the court addressed the question of when a post-search evidentiary hearing is justified. In *Garcia*, defendant chal-

lenged the warrant, alleging the police officer's affidavit was knowingly and intentionally false. The police officer's affidavit stated that an anonymous reliable informant and an anonymous friend were present in defendant's apartment when defendant sold cocaine to the anonymous friend. The affidavit also stated that defendant's vehicle was parked in front of the subject apartment, it gave the make, model and license number of the vehicle and alleged that a computer check had revealed that the vehicle belonged to defendant.

Defendant's affidavit denied each allegation the police officer had made. It also stated that his car could not have been parked in front of the apartment at the time indicated in the police affidavit, because at that time defendant was en route from Miami, Florida, to Chicago. The State objected to defendant's request, arguing that only the four corners of the search warrant could be examined. The court sustained the objection and denied defendant's hearing request.

On appeal, however, defendant's affidavit was held to be sufficient to allow him an evidentiary hearing. (See also *People v. Cook* (1978), 22 Cal. 3d 67, 85-86, 583 P.2d 130, 139-40, 148 Cal. Rptr. 605, 614-15.) The court noted that there was no reason to presume that a police officer was telling the truth in his affidavit and that a defendant was not telling the truth in his affidavit. (*People v. Garcia* (1982), 109 Ill. App. 3d 142, 146, 147, 440 N.E.2d 269.) Applying this principle to the case at bar, where the defendant's evidence regarding the police affidavit went uncontroverted, it is clear the court properly suppressed the evidence. The presumption of validity of an affidavit supporting a search warrant is not irrebuttable. *Franks v. Delaware* (1978), 438 U.S. 154, 171, 57 L. Ed. 2d 667, 682, 98 S. Ct. 2674, 2684.

In holding that defendant could place in issue the integrity of a police officer's oath as to the entire warrant affidavit the *Garcia* court stated:

> "Our conclusion is consistent with the principle that an affidavit for a search warrant should not be deemed insufficient because it is based on hearsay averments of an unidentified informer *so long as there is a substantial basis for crediting such hearsay. (United States v. Ventresca* (1965), 380 U.S. 102, 108, 13 L. Ed. 2d 684, 688, 85 S. Ct. 741, 745; *Jones v. United States* (1960), 362 U.S. 257, 269, 272, 4 L. Ed. 2d 697, 707, 708, 80 S. Ct. 725, 735, 736; see *Aguilar v. Texas* (1964), 378 U.S. 108, 114-15, 12 L. Ed. 2d 723, 729, 84 S. Ct. 1509, 1514.) However, if the oath of the police officer as to the affidavit is impugned and shown to have been untruthful and not made in good faith, there would not be a substantial basis for crediting

the hearsay averments in the affidavit. Moreover, if the oath upon which the affidavit is based is shown to have been untruthful and not made in good faith, it would follow that the affidavit itself would have to be voided. (*People v. Farnsworth* (1981), 95 Ill. App. 3d 105, 107, 419 N.E.2d 693, 694-95.) Also, there would not be probable cause 'supported by oath' which is required for the issuance of the warrant. *People v. Cook* (1978), 22 Cal. 3d 67, 85-86, 583 P.2d 130, 140-41, 148 Cal. Rptr. 605, 615-16; but see *Franks." People v. Garcia* (1982), 109 Ill. App. 3d 142, 148, 440 N.E.2d 269, 274.

In the case at bar the State contends that defendant made no showing that the affiant, Marcea Ross, intentionally lied or disregarded the truth. It contends that, at most, the evidence supports an attack on the credibility of the informant. Therefore, it argues, the trial court erred in suppressing the evidence. We disagree.

It is apparent that where a defendant shows that an affidavit contains deliberate lies, that affidavit will not always support a warrant. The case at bar differs somewhat from *People v. Garcia* (1982), 109 Ill. App. 3d 142, 440 N.E.2d 269. Here, the defendant had an evidentiary hearing, and the court determined that the defendant had established, by a preponderance of the evidence, that the affiant had included a deliberate falsehood or had acted in reckless disregard of the truth in making the complaint.

In a recent Illinois case, the rule of *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674, was held to encompass challenges to the veracity of nongovernmental as well as governmental affiants. (*People v. Born* (1983), 113 Ill. App. 3d 449.) In *Born*, however, the court did not remand for an evidentiary hearing because defendant had failed to make a showing of a false statement. The anonymous affiant alleged that he had been at defendant's home and had observed valium, amphetamines, marijuana, cocaine, two machine guns and four stolen slot machines. Defendant's challenge to the veracity of the John Doe affidavit was that the affiant was not at his home on the morning the drug sale was alleged to have occurred. This challenge was supported by the affidavit of defendant's minor son who stated that at the time in question no one other than himself and his parents were present in the home. The defendant in *Born* challenged the presence of the drugs only on the morning of the alleged sale, whereas the John Doe allegation was that affiant had sometime within the last three months sold drugs from defendant's home. The court stated in *Born* that this denial did not address the allegation it was supposed to refute. We note that in the case at bar, the trial

court found that the time of the alleged illegal activity was accounted for by defendants. Thus, *Born* is distinguishable.

In the present case the trial court heard the evidence of the six witnesses who testified on behalf of the defendant. Apparently it believed they were credible witnesses and accepted their explanation that microdots of LSD were not present in the house during the period in question. It also determined that none of them was the alleged informant. While one of the visitors to defendant's residence during the time in issue, Cecily Brainard, did not testify at the hearing because she was in the Canary Islands, the affidavit attached to defendant's motion to suppress stated she would give testimony identical to that which the other witnesses proferred at the hearing. The trial court was correct in indicating that the State was not required to reveal the identity of the informant in the present situation where that informant's identity related only to an attack upon the issuance of a search warrant for lack of probable cause. (*Theodor v. Superior Court* (1972), 8 Cal. 3d 77, 88, 501 P.2d 234, 241, 104 Cal. Rptr. 226, 233.) The court did conclude that a sufficient factual basis existed for questioning the existence of the informant and therefore the integrity of the warrant.

Contrary to the State's assertion, we believe that the validity of the warrant as a whole was a proper consideration for the court in the case at bar. (*People v. Garcia* (1982), 109 Ill. App. 3d 142, 149, 440 N.E.2d 269.) The trial court emphasized that the affiant officer did not testify under oath at the hearing; that she had, in fact, conversed with the informant regarding the information which the informant had allegedly given her. The court articulated its feeling that either the affiant or the other police officer who executed the warrant should have offered some testimony to explain or rebut the evidence which the defendant had adduced at the hearing. Aware that on two prior occasions the affiant had visited the defendant's home and unsuccessfully sought to purchase some "stuff," the court expressed its belief that the affiant was frustrated. Apparently, the court drew the inference that the affiant, having been unsuccessful on previous occasions, attempted to gain access to the defendant's home to search for drugs by fabricating both the existence of the informant and the information which the nonexistent informant supposedly conveyed to her. In addition, the court underscored the fact that uncontroverted evidence was presented at the hearing that Officer Mulchrone, who was at defendant's home during the incident search and seizure, had indicated by gesture that he did not expect to find any LSD in the home.

Based on this evidence and the circumstances of this case, including the failure of the State to produce any evidence at the hearing, we believe that the trial court's finding—that the affiant committed a deliberate falsehood or acted with disregard of the truth in preparing the complaint for search warrant—was within the manifest weight of the evidence. It is well established an order which quashes a search warrant and suppresses evidence will be reversed only when it is manifestly erroneous. (*People v. Brumfield* (1981), 100 Ill. App. 3d 382, 385, 426 N.E.2d 1012.) Where testimony is neither contradicted, either by positive testimony or by circumstances, nor inherently improbable, and there is no impeachment of the witnesses, that testimony should not be disregarded by the trier of fact. (*People ex rel. Brown v. Baker* (1981), 88 Ill. 2d 81, 85, 430 N.E.2d 1126, 1127.) The court below also correctly concluded that, given the nonexistence of the informant, probable cause was lacking for the issuance of the warrant, for the reason that the falsified statements in issue were essential to establishing probable cause for the search and seizure. For the reasons stated we conclude that the trial court properly granted defendant's motion to quash the search warrant and suppress the evidence seized pursuant thereto.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

SEIDENFELD, P.J., and REINHARD, J., concur.