THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL MEDINA, Defendant-Appellant.

Second District No. 2—88—0455

Opinion filed February 6, 1990.

G. Joseph Weller and Manuel S. Serritos, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

Defendant, Michael Medina, was charged by indictment with unlawful possession of a controlled substance with intent to deliver (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(a)(2)), unlawful possession of a controlled substance (Ill. Rev. Stat. 1987, ch. 56½, par. 1402(a)(2)), armed violence (Ill. Rev. Stat. 1987, ch. 38, par. 33A—2), and unlawful possession of a hypodermic syringe and needle (Ill. Rev. Stat. 1987, ch. 38, par. 22—50). The indictments were based on evidence obtained during a search of defendant's apartment pursuant to a search warrant. The complaint for the search warrant was supported by the affidavit of a detective of the Lake County sheriff's department.

Prior to trial, defendant moved to quash the search warrant and suppress the evidence seized in the search on the ground that the police officer/affiant deliberately omitted material facts from the affidavit in support of the search warrant. The trial court denied defendant's request for an evidentiary hearing pursuant to *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674, and denied the motion to quash. The cause proceeded to a stipulated bench trial, and defendant was convicted of unlawful possession of a controlled substance with intent to deliver and was sentenced to 18 years' imprisonment. On appeal, defendant contends that he was improperly denied a *Franks* hearing.

On August 17, 1987, Detective Martin Grum of the Lake County sheriff's department executed a complaint for a search warrant. In support of the complaint, Grum submitted his own affidavit. The affidavit stated that Grum had a reliable informant who had informed him that, within the last 12 hours, he was in defendant's residence; that he witnessed a white female come to the apartment and ask for a "six-pack," which is the common street term for one-sixteenth ounce of cocaine; that defendant went into his bedroom and came back with a large clear plastic bag; and that defendant took out a quantity of

white powdery substance believed to be cocaine, placed the white powdery substance into a clear plastic bag and gave it to the woman, after which she gave him $100. The affidavit further stated that the informant is familiar with the effects, taste and texture of cocaine, having used it approximately 75 times, that he had a sample of the substance which was in the large clear plastic bag and that he believed the substance was cocaine.

The affidavit also stated that Officer Grum had known the informant for six months, that the informant had given him information approximately 20 times, and that the information had led to ongoing investigations and two arrests. Further, the informant had known defendant for approximately three months, had purchased cocaine from defendant approximately 10 times, and had witnessed approximately 20 other cocaine purchases from defendant.

Based on these averments, the search warrant was issued. Officer Grum and other police officers executed the search warrant. A large quantity of cocaine was discovered in defendant's apartment, and defendant was arrested.

Defendant filed several motions to quash the search warrant and the arrest and to suppress the evidence. The third motion to quash alleged that the unnamed informant referred to in Officer Grum's affidavit was John Mira, a convicted felon who is currently on probation. The motion further stated that Officer Grum knew of Mira's record and knew, therefore, that Mira was unreliable; and that Officer Grum omitted the informant's criminal record from the affidavit in an attempt to mislead the issuing judge.

At the hearing on defendant's motion, the trial court determined that defendant had not made an adequate preliminary showing entitling him to an evidentiary hearing pursuant to *Franks v. Delaware*. Defendant appeals this ruling.

■ There is a presumption of validity with respect to an affidavit supporting a search warrant (*People v. Stewart* (1984), 105 Ill. 2d 22, 39); however, a party may challenge the truthfulness of an affidavit. To overcome the presumption of validity, defendant must make a substantial preliminary showing that false statements were deliberately included in the affidavit, or included with a reckless disregard for the truth, and that the statements were necessary to a finding of probable cause; if these conditions are met, defendant is entitled to an evidentiary hearing on the issue. *Franks*, 438 U.S. at 155-56, 57 L. Ed. 2d at 672, 98 S. Ct. at 2676; *Stewart*, 105 Ill. 2d at 39.

■ The linchpin of the *Franks* procedure is the "substantial preliminary showing" requirement. (*People v. Lucente* (1987), 116 Ill. 2d

133, 147.) To mandate an evidentiary hearing, the defendant's attack must be more than conclusory; there must be allegations of deliberate falsehood or reckless disregard for the truth, and these allegations must be accompanied by an offer of proof; these allegations should point out specifically the portion of the warrant affidavit that is claimed to be false, and they should be accompanied by a statement of supporting reasons; affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. (*Franks*, 438 U.S. at 171, 57 L. Ed. 2d at 682, 98 S. Ct. at 2684.) If these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. *Franks*, 438 U.S. at 171-72, 57 L. Ed. 2d at 682, 98 S. Ct. at 2684.

■ The reasoning of *Franks* logically extends to cases where the challenge to the affidavit is based on material omissions. (*Stewart*, 105 Ill. 2d at 43; 2 W. LaFave, Search & Seizure §4.4(b), at 194 (2d ed. 1987).) A deliberate omission of a material fact can be a reckless disregard for the truth. *People v. Hothersall* (1981), 103 Ill. App. 3d 183, 187.

■ ■ To establish a right to an evidentiary hearing based on an omission, defendant must show that the omitted information was material to the probable cause determination and that it was omitted for the purpose of misleading the magistrate. (*Stewart*, 105 Ill. 2d at 44.) Facts are material and, hence, must be disclosed if their omission would make the affidavit substantially misleading; facts must be deemed material for this purpose if, because of their inherent probative force, there is a substantial possibility that they would have altered a reasonable magistrate's probable cause determination. *People v. Kurland* (1980), 28 Cal. 3d 376, 385, 618 P.2d 213, 218, 168 Cal. Rptr. 667, 672.

The alleged, deliberate, material omission in this case is that the police informant is a convicted felon currently on probation. Defendant contends that this fact reflected on the informant's credibility and would have affected the issuing magistrate's probable cause determination, especially in light of the informant's poor track record as a tipster.

In this case, defendant filed three motions to quash the search warrant. The first motion, which was later withdrawn, alleges only that there was an alteration made in the warrant as to the address to be searched. There was a hearing on that motion, and Officer Grum and the issuing magistrate testified to the circumstances surrounding

the alteration of the address on the search warrant. The second motion to quash alleged that defendant knew of two persons who would testify that they were in the searched premises with defendant during the period alleged in the complaint; that they saw an unknown female enter and ask for a "six-pack"; that she was told to leave, and she left without purchasing anything; and that they did not see a white powdery substance while they were with defendant. The trial court ruled that the second motion had not presented a sufficient basis for a *Franks* hearing. Defendant filed a third motion to quash which alleged that the informant was John Mira, a convicted felon currently on probation, and that the officer/affiant knew these facts and failed to relate them to the issuing magistrate for the purpose of misleading him. The denial of the third motion to quash is the subject of this appeal.

■■ Pursuant to *Franks*, we must first determine whether defendant has made a showing that there was an omission and the omission was made for the purpose of misleading the magistrate about the informant's credibility. As defendant points out, it is difficult for an accused to prove that an officer/affiant acted intentionally or with reckless disregard, rather than negligently, in omitting information from an affidavit. We agree that, where facts are clearly critical to the finding of probable cause, recklessness may be inferred from the proof of the omission itself. See *United States v. Martin* (5th Cir. 1980), 615 F.2d 318, 329.

The problem with defendant's motion is that he has utterly failed to support his contention that an omission was made. In the third motion to quash, defendant makes the bald allegations that the informant is John Mira and that John Mira is a convicted felon. No affidavits or statements or supporting reasons were offered with the motion. The State never admitted those facts, and defendant made no showing as to how he arrived at those conclusions and offered no evidence in support of his conclusions. *Franks* dictates that allegations should be accompanied by a statement of supporting reasons and affidavits or sworn statements should be furnished or their absence satisfactorily explained. Defendant has presented no evidence to support his conclusions concerning the identity of the informant and his alleged criminal record.

■■ Defendant asserts that he did make an offer of proof to support his allegations. The offer of proof he refers to, however, is his statement in the second motion that he had two witnesses who would deny that drug deals had occurred in defendant's apartment during the relevant period. Defendant asserts that this information would at-

tack the credibility of the informant. Although these witnesses might be valuable witnesses for the defense, their offer of proof concerning what occurred in defendant's apartment is irrelevant to the issues of the informant's identity or criminal record, the officer/affiant's knowledge of the informant's identity and record, and the officer/affiant's motive in omitting these facts from the affidavit, which are the issues raised in defendant's motion. Furthermore, a search warrant must be tested on the basis of what the police and the issuing magistrate knew at the time the search warrant was applied for. (*People v. Free* (1983), 94 Ill. 2d 378, 401.) There are no allegations that the police officer knew that these two witnesses existed or what their stories might be.

■ It would be reasonable to assume that Officer Grum knew the identity and record, if any, of an informant he had worked with for six months. The problem with defendant's motion is that he has given us no reason, beyond an unsupported allegation, to believe that the informant is actually a convicted felon. Although, under certain circumstances, an officer/affiant's reckless disregard for the truth can be inferred from proof of the omission itself, in this case defendant has made no showing that there was, in fact, an omission.

Even if we were to assume that defendant's allegations were supported in some way, the question would still remain whether this omission was material, that is, whether it affected the probable cause determination. Defendant asserts that the search warrant rests solely on the informant's story and the issue of his credibility is crucial. Defendant argues that the informant's police record is strong evidence of his unreliability, especially in light of his poor record as an informant. We do not consider, however, that the informant's record as a tipster is deficient.

Officer Grum's affidavit states that he had known the informant for six months and that the informant gave him 20 tips which led to ongoing investigations and two arrests. Defendant assumes that, because only two arrests have resulted from the informant's tips so far, the remaining 90% of the tips were incorrect. He concludes, therefore, that the informant is unreliable. We disagree. In the first place, the affidavit indicates that tips have led to ongoing investigations. These investigations may lead to further arrests. Furthermore, the fact that there were no more arrests does not in any way indicate that the other tips were incorrect. They may just as easily have been cumulative, or the police may have decided against acting upon them for any number of reasons, or the police may have been unsuccessful in acting on the tips, again for any number of reasons unrelated to

the correctness of the tips. Contrary to defendant's suggestion, the fact that a tip itself does not establish probable cause to arrest does not render the tip incorrect. Further, the informant's track record as a tipster was fully set forth for the issuing magistrate's consideration.

■ Additionally, given the affidavit as a whole, we believe that the issue of the possible unreliability of the informant was adequately presented. The affidavit sets out that the informant has been a police tipster for six months, that he has used cocaine on approximately 75 occasions, that he has purchased cocaine on approximately 10 occasions, and that he has witnessed numerous drug transactions. Given these facts, the issuing magistrate was not likely to be misled about the informant's character. (See *Kurland,* 28 Cal. 3d at 393, 618 P.2d at 223-24, 168 Cal. Rptr. at 677-78.) We consider that even if the omitted information had been included in the affidavit, it would not have affected the issuing magistrate's probable cause determination. Therefore, defendant has also failed to establish that the alleged omission was material.

In summary, defendant failed to provide any support for his bald allegation that the officer/affiant deliberately omitted from the affidavit the criminal record of the informant, and he failed to establish that, even if there had been a deliberate omission, it would have affected the issuing magistrate's probable cause determination. Therefore, defendant failed to make a substantial preliminary showing that the search warrant was not properly issued.

For the aforementioned reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

McLAREN and REINHARD, JJ., concur.